[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10532
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cr-00158-RBD-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC BISHOP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 31, 2018)

Before WILLIAM PRYOR, BRANCH and HULL, Circuit Judges.

PER CURIAM:

Eric Bishop appeals his sentence of 210 months of imprisonment following his plea of guilty to attempting to entice a minor to engage in sexual activity. 18 U.S.C. § 2422(b). Bishop argues that his sentence at the high end of his advisory guideline range is substantively unreasonable. We affirm.

The district court did not abuse its discretion when it sentenced Bishop to a sentence at the high end of his guideline range based on the seriousness of his offense and the need to protect minors. Bishop traveled to have sex with a five-year-old girl who he thought was autistic and would be unlikely to report the abuse. After his arrest, Bishop admitted that he was "close" to succumbing to his desire to molest his two-year-old daughter because she was nonverbal and that he had contacted at least five other persons in an attempt to arrange sexual trysts with their children. Bishop had a sentencing range between 168 and 210 months of imprisonment based on his criminal history of I and an offense level of 35, which accounted for his use of the internet and his cellular telephone in committing the crime and the age of his intended victim. The district court reasonably accorded heavy weight to Bishop's intention to prey on a child with a disability and his fantasies about abusing very young girls. *See* 18 U.S.C. § 3553(a). And the district court stated that it would have varied above Bishop's guideline range but for his history of mental-health issues, attempts to commit suicide, lack of criminal history, successful employment, family support, low likelihood of reoffending, and

2

potential for rehabilitation. We cannot say that the district court committed a clear error of judgment in balancing the statutory sentencing factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Bishop's sentence, which is well below his statutory maximum penalty of life imprisonment, is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Bishop's sentence.